# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

**DATE 4/23/2015**

NOTICE OF APPEALS
ASSIGNMENT OF COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/23/2015 4:30:21 PM
CHRISTOPHER A. PRINE
Clerk

**TO:** 1ST COURT OF APPEALS

**From:** **Deputy Clerk: MICHELLE LOPEZ**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** 2013-38334

**VOLUME** _____ **PAGE** _____ **OR** **IMAGE #** 63954740

**DUE** 5/23/2015 **ATTORNEY** 05662200

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE JUDGMENT SIGNED:** 1/23/2015

**MOTION FOR NEW TRIAL DATE FILED** N/A

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 4/23/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED:** YES ☐ NO ☒ **IMAGED FILED:** YES ☒ NO ☐

**CODES FOR NOTICE OF APPEAL:** BC, C, OA

CHRIS DANIEL
Harris County, District Clerk

By: /s/MICHELLE LOPEZ
**MICHELLE LOPEZ, Deputy**

BC      NOTICE OF APPEAL FILED
BG      NOTICE OF APPEAL FILED – GOVERNMENT
C      JUDGMENT BEING APPEALED
D -      ACCELERATED APPEAL
OA      NO CLERK'S RECORD REQUEST FILED
O      CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA      AMENDED NOTICE OF APPEAL

CAUSE NO. 2013-38334

| | | |
|---|---|---|
| RABA-KISTNER INFRASTRUCTURE, | § | IN THE DISTRICT COURT OF |
| INC. RABA-KISTNER CONSULTANTS, | § | |
| INC. BRYTEST LABORATORIES, INC., | § | |
| RABA-KISTNER-ANDERSON | § | |
| CONSULTANTS, INC., and LONE STAR | § | |
| INFRASTRUCTURE JOINT VENTURE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| D. FRED MARTINEZ, Individually, | § | |
| | § | |
| Defendant. | § | 189TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF APPEAL

D. FRED MARTINEZ, Defendant, through undersigned counsel, hereby gives notice of his intent to appeal the trial court's Final Summary Judgment signed by the Honorable William R. Burke on January 23, 2015. This appeal is taken to either the First or the Fourteenth Court of Appeals in Houston, Texas.

1.    The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

> D. Fred Martinez, Defendant and Appellant
> Patrick D. Devine
> Law Office of Patrick D. Devine
> 620 W. Main St., Ste. C
> Tomball, Texas 77375
> Phone: 281-255-0244
> Fax: 866-488-1082
> Email: pdevine@pdevinelaw.com
> *Counsel for D. Fred Martinez*

- 1 -

Raba-Kistner Infrastructure, Inc.,  Raba-Kistner Consultants,
Inc., Brytest Laboratories, Inc., Raba-Kistner-Anderson
Consultants, Inc., and Lone Star Infrastructure Joint Venture,
Plaintiffs and Appellees
D. Brent Wells
Wells & Cuellar, PC
440 Louisiana, Suite 718
Houston TX 77002
Phone: 713-222-1281
Fax: 713-237-0570
*Counsel for Plaintiffs*

Dated:        April 23, 2015.

                                    Respectfully submitted,

                                    */s/ Patrick D. Devine*
                                    Patrick D. Devine
                                    State Bar No. 05662200
                                    Law Office of Patrick D. Devine
                                    620 W. Main St., Suite C
                                    Tomball, Texas 77375
                                    Phone: 281-255-0244
                                    Fax: 866-488-1082
                                    Email: pdevine@pdevinelaw.com

                                    Counsel for D. Fred Martinez


                            CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing document
has been forwarded via facsimile transmission to D. Brent Well, Wells &
Cuellar, PC, 440 Louisiana, Suite 718, Houston TX 77002, Facsimile: 713-
237-0570 on this 23rd day of April, 2015.


                                    */s/ Patrick D. Devine*
                                    Patrick D. Devine

- 2 -

| | | |
|---|---|---|
| RABA-KISTNER INFRASTRUCTURE, INC., RABA-KISTNER CONSULTANTS, INC., BRYTEST LABORATORIES, INC., RABA-KISTNER-ANDERSON CONSULTANTS, INC., and LONE STAR INFRASTRUCTURE, JOINT VENTURE, | § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | HARRIS COUNTY, T E X A S |
| D. FRED MARTINEZ, Individually, | § § | |
| Defendant. | § § | 189th JUDICIAL DISTRICT |

**FI LE D**
Chris Daniel
District Clerk

JAN 2 3 2015

ne: _____
Harris County, Texas

## FINAL SUMMARY JUDGMENT

BE IT REMEMBERED THAT ON THIS DATE, the Court considered the First Amended Motions of Plaintiffs RABA-KISTNER INFRASTRUCTURE, INC.; RABA-KISTNER CONSULTANTS, INC.; BRYTEST LABORATORIES, INC.; RABA-KISTNER-ANDERSON CONSULTANTS, INC.; and LONE STAR INFRASTRUCTURE, JOINT VENTURE (collectively "Plaintiffs") for Summary Judgment in the above-styled and numbered cause wherein D. FRED MARTINEZ, Individually, is the Defendant. Having considered the summary judgment evidence contemplated by Rule 166a(c), Tex. R. Civ. P., on file herein at the time of the hearing, the Court finds that there is no genuine issue as to any material fact and that Plaintiffs are entitled to judgment as a matter of law. Additionally and/or alternatively, the Court finds that Defendant has no evidence in support of any defense or counterclaim as to which he would have the burden of proof. It is, therefore, hereby

ORDERED, ADJUDGED, AND DECREED that Plaintiffs have and recover judgment of, from, and against Defendant D. FRED MARTINEZ, Individually, for the sum of ONE

HUNDRED EIGHTY THOUSAND AND NO/100 DOLLARS ($180,000.00) in principal; costs of Court; together with post-judgment interest on the foregoing at the lawful rate of five percent (5%) per annum. It is further

ORDERED, ADJUDGED, AND DECREED, that this Judgment finally disposes of all parties and all issues and is appealable; furthermore, (1) all relief requested in the above-styled and numbered cause which is not expressly granted herein is hereby DENIED, and (2) Plaintiffs are allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

SIGNED this 23 day of January, 2014.

JUDGE PRESIDING

APPROVED:

WELLS & CUELLAR, P.C.

By: _____
D. Brent Wells
State Bar No. 21140900
bwells@wellscuellar.com
James E. Cuellar
State Bar No. 05202345
Jeffrey D. Stewart
State Bar No. 24047327
Adam R. Swonke
State Bar No. 24063025
440 Louisiana, Suite 718
Houston, Texas 77002
(713) 222-1281 Telephone
(713) 237-0570 Fax

2

CAUSE NO. 2013-38334

| | | |
|---|---|---|
| RABA-KISTNER INFRASTRUCTURE, INC. RABA-KISTNER CONSULTANTS, INC. BRYTEST LABORATORIES, INC., RABA-KISTNER-ANDERSON CONSULTANTS, INC., and LONE STAR INFRASTRUCTURE JOINT VENTURE, | § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| D. FRED MARTINEZ, Individually, | § § § | |
| Defendant. | § | 189TH JUDICIAL DISTRICT |

## DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, D. Fred Martinez ("Martinez"), Defendant, through undersigned counsel, moves this Court to set aside the summary judgment rendered on January 23, 2015, in the above-styled and numbered cause and to order a new trial, and in support thereof, respectfully shows:

### A.    Preliminary

1.    The trial court erred in granting the Final Summary Judgment in that numerous genuine issues of material fact were presented to the Court which need resolution by the trier of fact prior to a disposition of the merits of the cause of action by traditional summary judgment.

2.    The trial court erred to the extent it granted the movant's no-evidence summary judgment in that (a) the Defendant presented material facts to the court preventing the granting of a no-evidence summary judgment, and (b) the parties

had not even conducted any discovery having attempted to settle the case via a mediation just prior to the hearing on the motion for summary judgment.

3. The trial court erred in failing to treat this matter as a breach of contract lawsuit rather than as a mere confirmation hearing on a motion to enforce a settlement agreement.

4. The trial court erred in granting summary judgment as Raba-Kistner failed to introduce into evidence any factual evidence other than the existence of documents. In essence, the court granted a judgment on the pleadings and ignored the actual summary judgment evidence.

5. The trial court erred by giving weight to oral argument of new bases for summary judgment which were not raised in the motions.

## B. Appropriate Legal Standards

6. The trial court had an obligation to assume that all of the Defendant's presented evidence was true. *Limestone Products Dist., Inc. v. McNamara, Inc.*, 71 S.W.3d 308, 311 (Tex. 2002); *Shah v. Moss*, 67 S.W. 3d 836, 842 (Tex. 2001); *M.D. Anderson Hosp. & Tumor Inst. V. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548-549 (Tex. 1985).

7. The trial court had an obligation to make every reasonable inference in favor of the Defendant, D. Fred Martinez. *Provident Life & Accident Insurance Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2004); *M.D. Anderson Hosp. & Tumor Inst. V. Willrich*, 28 S.W.3d at 23; *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Nixon v. Mr. Property Management*, 690 S.W.2d at 549.

8. The trial court had an obligation to resolve all doubts about the existence of a genuine issue of a material fact against the movant. *M.D. Anderson Hosp. & Tumor Inst. V. Willrich*, 28 S.W.3d at 23; *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996); *Nixon v. Mr. Property Management*, 690 S.W.2d at 548-549.

9. An alleged breach of a settlement agreement is a claim for breach of contract. Tex. Civ. Prac. & Rem. Code § 154.071(a) provides that a settlement agreement is enforceable in same manner as any other written contract. Such actions require pleading and proof like any other breach of contract claim. *See, Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *Pena v. Smith*, 321 S.W.3d 755, 758–759 (Tex. App.—Fort Worth 2010, no pet.)

10. The parties to an action to enforce a settlement agreement are entitled to discovery to determine whether such a factual dispute is present, so a trial court abuses its discretion if it enforces a settlement agreement prior to any discovery on the claim. *Ford Motor Co. v. Castillo*, 279 S.W.3d at 663.

11. A party to a contract need not continue to perform if the other party has materially breached its promises under the contract. *See, Mead v. Johnson Group, Inc.* 615 SW2d 685, 689 (Tex. 1981).

12. When evaluating a motion for summary judgment based on the pleadings, the court must assume all allegations and facts in the nonmovant's pleadings to be true. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994).

13. When evaluating a motion for summary judgment based on the pleadings, the court must make all inferences in the nonmovant's pleadings in the light most favorable to the nonmovant. *Medina v. Herera*, 927 S.W.2d 597, 602 (Tex. 1996); *Natividad v. Alexsis, Inc.,* 875 S.W.2d at 699.

## C.     Factual Summary

14. Raba-Kistner Infrastructure, Inc., Raba-Kistner Consultants, Inc., Brytest Laboratories, Inc., Raba-Kistner-Anderson Consultants, Inc., and Lone Star Infrastructure Joint Venture (collectively referred to herein as "Raba-Kistner") filed motions for summary judgment seeking the court to enter judgment on their claims that they were entitled to judgment as a matter of law against Martinez based solely upon the written settlement agreement entered between them.

15. The Raba-Kistner summary judgment motions were devoid of evidence other than the following: (a) a written agreement between the parties existed, and (b) Martinez did not make the final payment due under the written agreement, i.e., contract.

16. Raba-Kistner did not submit a factual affidavit in support of its summary judgment motions. Rather, the motions were followed by a verification by counsel for the movants stating that the facts stated in the motions were true and correct. This is not summary-judgment proof. *Hidalgo v. Surety Savings & Loan Association*, 462 S.W.2d 540, 545 (Tex. 1971).

17. In essence, the motions for summary judgment were motions for a judgment based on the pleadings.

## D. The Evidence

18. Martinez presented to the court numerous genuine issues of material fact which required resolution of both the traditional and the no-evidence summary judgment motions in his favor. The genuine fact issues were established by the affidavit of D. Fred Martinez. The Martinez Affidavit established numerous issues of material facts which apparently were not properly considered by the trial court, and which were not contradicted by any evidence presented by the Plaintiffs other than pleadings, if at all.

19. First, the Martinez Affidavit established that Raba-Kistner was obligated deliver all the patents it had acquired from its execution sales against Atser Research Technologies as a benefit of the bargain for Martinez upon the final payment being made by Martinez. Further, the Martinez Affidavit established that Raba-Kistner anticipatorily breached the Settlement Agreement by failing to maintain the patents and being wholly unable to deliver the agreed upon patents. This material fact issue raises a significant dispute which can only be decided by the trier of fact.

20. Second, the Martinez Affidavit further identified four patents which Raba-Kistner was obligated to transfer to Martinez but for which it was impossible for Raba-Kistner to perform. The Martinez Affidavit established as a matter of law that a genuine issue of material fact existed as to whether it was impossible for Raba-Kistner to perform its obligations under the contract even if Martinez made the final payment. In fact, Raba-Kistner made no argument that it could have

performed. This is an undisputed material fact issue which requires the defeat of summary judgment.

21.    Third, the Martinez Affidavit established that he learned just prior to the last payment becoming due that Raba-Kistner (a) could not perform under the contract and (b) demanded performance from Martinez despite the complete inability and unwillingness of Raba-Kistner to perform under the contract. Martinez knew prior to the final payment date under the contract, that Raba-Kistner had already peremptorily breached the contract.

22.    The only summary judgment presented to the Court by both parties established the following:

a)  The parties entered into a written contract.

b)  Martinez performed under the contract until he learned that Raba-Kistner could not and would not perform its obligations under the contract.

c)  Martinez refused to tender all the funds due under the contract as Raba-Kistner was in admitted peremptory breach of its obligations under the contract.

d)  Raba-Kistner was unable to perform its obligations required under the contract.

### E. Oral Arguments at Hearing

23.    At the hearing on the motion for summary judgment, counsel for Raba-Kistner made two arguments which raised new legal arguments for the first time. First, counsel argued that Martinez lacked standing to assert his defenses. Second, counsel argued that Raba-Kistner was in compliance with the contract due to its willingness to convey "quitclaim title" to non-existent patents.

24. Neither of these issues were briefed by movants or properly pleaded as a basis for the granting of judgment against Martinez. It is improper for a court to grant summary judgment on grounds not raised in the motion itself.

25. A motion for summary judgment must state the grounds on which it is made. Tex.R.Civ.P 166a(c); *McConnell v. Southside I.S.D.*, 858 S.W.2d 337, 341 (Tex. 1993); *Travis v. City of Mesquite*, 830 s.W.2d 94, 99-100 (Tex. 1992).

26. The trial court cannot grant a summary judgment on grounds not presented in the motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002).

27. Further, affirmative defenses – such as lack of standing - must be contained in the movant's pleadings if relied upon for summary judgment.

**F.      Martinez Pleadings Defeat Summary Judgment**

28. To the extent the trial court granted summary judgment based on the pleadings of Raba-Kistner, the court should have also considered the pleadings of Martinez which were on file.

29.  Particularly, Martinez has a counterclaim on file alleging (a) breach of contract, (b) fraud by Raba-Kistner, and (c) negligent misrepresentation made by Raba-Kistner. To the extent the Court based the summary judgment on the pleadings, deference must be given, as a matter of law, to the allegations contained in the Martinez counterclaim. It is not even incumbent on the nonmovant to produce evidence to support the allegation made in his pleadings when a summary

judgment motion is based on the pleadings. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997).

30. Nevertheless, Martinez submits that his affidavit filed in opposition to the motions for summary judgment provides ample evidence of factual support for his allegations.

### G.    Conclusion

31. In summary, the trial court's decision granting summary judgment must be reversed and Martinez granted a new trial. There simply is a lack of evidence to support the motion for traditional summary judgment submitted by Raba-Kistner. The mere fact that a contract exists and the final payment was not made – which is the totality of evidence submitted – cannot support summary judgment in opposition to the evidentiary facts in evidence in the form of the Martinez affidavit.

32. The Martinez affidavit establishes the fact that Raba-Kistner was in peremptory breach of the contract had made known that it had no intention of honoring its obligations under the contract. Compelling Martinez to perform in the face of the acknowledge impossibility and refusal of the other party to perform is wrong as a matter of well-established law.

33. Further, the motion for no-evidence summary judgment is patently unsupportable. The Martinez affidavit is evidence.

34. Finally, the pleadings on file for Martinez must be given the highest consideration by the court, and the facts set forth therein assumed to be true, for

purposes of considering summary judgment since the Raba-Kistner parties are relying on the pleadings for their motions.

WHEREFORE, D. Fred Martinez prays that his Motion for New Trial be granted, and for such other and further relief as is equitable and just.

Dated: February 23, 2015.

Respectfully submitted,


By:___*/s/ Patrick D. Devine*_____
Patrick D. Devine
State Bar No. 05662200
Law Office of Patrick D. Devine
8300 FM 1960 West, Suite 450
Houston, Texas 77070
Phone: 832-251-2722
Fax: 866-488-1082
Email: pdevine@pdevinelaw.com

Attorneys for the D. Fred Martinez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via facsimile transmission to D. Brent Well, Wells & Cuellar, PC, 440 Louisiana, Suite 718, Houston TX 77002, Facsimile: 713-237-0570 on this 23rd day of February, 2015.


_____*/s/ Patrick D. Devine*_____
Patrick D. Devine

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM      APR 23, 2015(C1)
INT6510                      CIVIL CASE INTAKE               OPT: _____  -  INT
                          GENERAL PARTY INQUIRY             PAGE:   1  -    2

CASE NUM: 201338334__ PJN> __  TRANS NUM: _____ CURRENT COURT: 189 PUB? _
CASE TYPE: DEBT/CONTRACT - FRAUD/MISREPRE  CASE STATUS: DISPOSED (FINAL)
STYLE: RABA-KISTNER INFRASRUCTURE INC    VS MARTINEZ, D FRED
=============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR      PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                         STAT
_     00002-0002 XPL 05662200 MARTINEZ, D FRED                 DEVINE, PATRI
_     00001-0002 XDF 21140900 RABA-KISTNER INFRASRUCTURE INC   WELLS, D. BRE
_     00007-0001 PLT          JOINT VENTURE
_     00006-0001 PLT          LONE STAR INFRASTRUCTURE
_     00005-0001 PLT          RABA-KISTNER-ANDERSON CONSULTA
_     00004-0001 PLT          BRYTEST LABORATORIES INC
_     00003-0001 PLT          RABA-KISTNER CONSULTANTS INC
_     00002-0001 DEF          MARTINEZ, D FRED                 PRO-SE

==> (9) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY    4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD      9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
CASE NUM: 201338334__ PJN> __  TRANS NUM: _____ CURRENT COURT: 189 PUB? _
CASE TYPE: DEBT/CONTRACT - FRAUD/MISREPRE  CASE STATUS: DISPOSED (FINAL)
STYLE: RABA-KISTNER INFRASRUCTURE INC    VS MARTINEZ, D FRED
========================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME                PTY   ASSOC. ATTY
  NUM   NUMBER                                              STAT
  _    00001-0001 PLT 21140900 RABA-KISTNER INFRASRUCTURE INC    WELLS, D. BRE



==> (9) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```